Electronically Filed
6/2/2023 3:18 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

23-1330-B

CAUSE NO. _____

| | | |
|---|---|---|
| JOHN L. BOONE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 114th DISTRICT COURT |
| PACIFIC SOUND, INC, AND NIKOLAY V. YUZKO, SR. | § | |
| | § | |
| | § | SMITH COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND RULE 193.7 NOTICE**

COME NOW, JOHN L. BOONE, Plaintiff in the above-styled and numbered cause of action, complaining of Defendants, PACIFIC SOUND, INC., and NIKOLAY V. YUZKO, SR., (collectively referred to as "Defendants"), and in support thereof would show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

1.1   Pursuant to Texas Rule of Civil Procedure 190.3 the discovery of this case is to be conducted under Level 2 Discovery Control Plan.

## II. CLAIM FOR RELIEF

2.1   Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00.

## III. PARTIES

3.1   JOHN L. BOONE ("Plaintiff") is a resident of Dallas County, Texas.

3.2   Defendant PACIFIC SOUND, INC., ("Defendant PACIFIC SOUND, INC.") is a foreign corporation licensed to transact business in Texas. Pursuant to Texas Business Organizations Code, this Defendant can be served with process pursuant to TRCP 106(a)(1) and/or (2) by or mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition to the Secretary of State, Pursuant to Texas Business Organizations Code, this Defendant can be served with process pursuant to TRCP 106(a)(1) and/or (2) by or mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of

the citation and petition to the Secretary of State, or by serving its registered agent, *Nadezhda Yuzko, 1842 SW 35th Street, Gresham, Oregon 97080*, or wherever defendant may be found.

3.3     NIKOLAY V. YUZKO, SR ("Defendant Yuzko") is an individual resident of Gresham, Oregon. This Defendant can be served with process pursuant to TRCP 106(a)(1) and/or (2) by delivering to the Defendant, in person, or mailing to the Defendant by registered or certified mail, return receipt requested, Secretary of State, a true copy of the citation and petition at his place of residence, *1842 SW 35th Street, Gresham, Oregon 97080*, or wherever this defendant may be found.

## IV. JURISDICTION and VENUE

4.1     This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

4.2     All or a substantial part of the events or omissions giving rise to the claim occurred in Smith County. Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code. Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Smith County.

4.3     All conditions precedent have occurred.

4.4     Nothing Plaintiff did caused or contributed to this occurrence.

## V. FACTS

5.1     On or about September 21, 2021, Plaintiff was operating a tractor trailer that was traveling westbound on Interstate 20, when he began experiencing an issue with his vehicle's left side tire. Plaintiff began to reduce his speed and move into the outside lane, while activating his hazard lights, and was preparing to exit on Interstate 20 onto the FM14 exit. At the same time and place, Defendant Yuzko was operating a 2018 tractor trailer and was traveling westbound on

Interstate 20 directly behind Plaintiff when he failed to control his speed and collided with Plaintiff's tractor trailer. The collision occurred with tremendous force, proximately causing Plaintiff to suffer severe, excruciating, and painful personal injuries.

5.2  At the time of the incident, Defendant PACIFIC SOUND, INC., was the owner and/or lessee of the vehicle operated by Defendant Yuzko.

5.3  At the time of the incident, Defendant Yuzko was an employee, agent and/or representative of Defendant PACIFIC SOUND, INC., and was operating within the course and scope of his employment with Defendant PACIFIC SOUND, INC.

## VI. NEGLIGENCE OF DEFENDANT NIKOLAY V. YUZKO, SR

6.1  The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Yuzko. The conduct of Defendant Yuzko constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff made the basis of this suit. Defendant Yuzko's actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

    a.    failing to control the operation of his vehicle;

    b.    failing to avoid the incident in question;

    c.    failing to keep a proper look out;

    d.    failing to yield the right of way;

    e.    failing to apply the brakes properly and/or timely in violation of Texas Transportation Code §547.408)(a)(3);

    f.    failing to take proper evasive action;

    g.    failing to maintain a proper following distance;

    h.    failing to dedicate proper attention to the operation of his vehicle;

    i.    operating his vehicle while distracted;

    j.    failing to operate his vehicle in a safe manner; and/or

      k.    failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Yuzko constituted negligence and such negligence per se and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

6.2    Plaintiff will show this court that the harm Plaintiff suffered is the type of harm which the above statue is intended to prevent. Plaintiff will also show this Court that Plaintiff was a member of the class of persons in which the statue was enacted to protect. Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question.

## VII. RESPONDEAT SUPERIOR

7.1    On or about September 21, 2021, Defendant Yuzko caused the truck he was operating to collide with a vehicle operated by Plaintiff, causing Plaintiff to sustain serious and permanent injuries. At the time of the collision, Defendant Yuzko was driving a motor vehicle owned by Defendant PACIFIC SOUND, INC., and/or was operating within the course and scope of his employment with Defendant PACIFIC SOUND, INC.

## VIII. DEFENDANT PACIFIC SOUND, INC.

8.1    The conduct of Defendant PACIFIC SOUND, INC., constitutes negligence as that term is known in the law. Such negligent acts or omission include, but are not limited to, the following:

      a.    allowing Defendant Yuzko to operate their vehicle even though they knew or should have known he was a reckless or incompetent driver;

      b.    entrusting a vehicle to Defendant Yuzko even though they knew or should have known he was a reckless or incompetent driver;

      c.    failing to properly train Defendant Yuzko, in the safe operation of a motor vehicle;

      d.    failing to properly supervise Defendant Yuzko's driving activities;

      e.    failing to properly maintain the vehicle in a safe operational condition;

    f.    failing to maintain the vehicle to the minimal standard of safety;

    g.    failing to establish and enforce safety rules and regulations;

    h.    failing to properly educate, instruct and supervise in the performance of Defendant Yuzko's duties;

    i.    failing to adequately train, educate, or provide instructions and orders to persons;

    j.    failing to provide proper safety manuals and instructions to employees responsible for safety;

    k.    failing to properly secure and track its equipment;

    l.    failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment;

    m.    hiring and continuing to retain an unsafe, unlicensed, incompetent, and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless;

    n.    failing to properly train, supervise and/or monitor Defendant Yuzko;

    o.    failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-300, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7; and/ or

    m.    other acts of negligence and negligence per se.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants constituted negligence and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

Plaintiff would show this Court that the harm Plaintiff suffered is the type of harm which the above statue is intended to prevent. Plaintiffs would also show this Court that Plaintiff was a member of the class of persons in which the statue was enacted to protect. Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question.

## XI. GROSS NEGLIGENCE OF ALL DEFENDANTS

9.1   Defendants' conduct described herein demonstrates a conscious indifference to the rights, safety and welfare of Plaintiffs. Further, their actions involved an extreme risk of danger which posed more than a remote possibility of dangers to others, such as Plaintiffs and demonstrated a callous indifference to the safety of others.

## X. DAMAGES

10.1   As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

10.2   Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.   past and future medical care expenses;

    b.   past and future loss of earning capacity and lost wages;

    c.   past and future physical pain and suffering and mental anguish;

    d.   past and future physical impairment;

    e.   past and future disfigurement;

    f.   past and future loss of household services; and

    g.   past and future out-of-pocket economic losses.

10.3   Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the min Because of the negligence of the Defendants, Plaintiff JOHN BOONE has suffered actual damages in excess of the minimum jurisdictional limits of the Court, for which damages Plaintiff now brings suit. Plaintiff seeks monetary relief over $1,000,000.

10.4  Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## XI. JURY DEMAND

11.1  Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## XII. RULE 193.7 NOTICE

12.1  Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

/s/ *Tanner C. Forman*

**TANNER C. FORMAN**
SBN: 24094662
**JIM S. ADLER & ASSOCIATES**
The Tower at CityPlace, Lock Box 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
Tel: (214) 220-3203
Fax: (214) 220-3245
tforman@jimadler.com
**ATTORNEY FOR PLAINTIFF**